UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------- x
HENRY HOLMES, *pro se*,

                Plaintiff,

     -against-

POLICE COMM. RAYMOND KELLY,
DETECTIVE MICHAEL CENTRONE, LT
PHILIP MARKS, QUEENS ASSISTANT
DISTRICT ATTORNEY JOHN/JANE DOE,

                Defendants.
---------------------------------------------------------- x

**SUMMARY ORDER**
13-CV-3122 (DLI)(VMS)

**DORA L. IRIZARRY, U.S. District Judge:**

      Plaintiff Henry Holmes, currently incarcerated at Queensborough Correctional Facility, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted. For the reasons discussed below, plaintiff's claims against Police Commission Raymond Kelly and District Attorney John/Jane Doe are dismissed. Plaintiff's claims shall proceed against Detective Michael Centrone and Lieutenant Philip Marks.

## BACKGROUND

      Plaintiff alleges that on January 29, 2013, Detective Michael Centrone and Lieutenant Philip Marks unlawfully arrested him in Jamaica, Queens. (Complaint ("Compl."), Dkt. Entry No. 2 at 3.) Plaintiff was then taken to the 103rd Precinct where plaintiff alleges "Detective Michael Centrone proceeded to invade my anal cavity, by sticking his fingers in my buttocks, and began to probe my anus uncovering nothing . . . ." *Id.* Plaintiff claims that, after that incident, plaintiff "approached [Centrone's] supervisor defendant Lt. Philip Marks #901913

1

about the sexual conduct of his subordinate and [Marks] replied 'you [are] lucky I did not do it' . . . ." (*Id*. at 4.) Plaintiff alleges that he "suffered humiliation, embar[r]assment, psychological damage, ruptured anal cavity . . . unlawful imprisonment . . . ." *Id.* Plaintiff seeks monetary damages. (*Id*. at 6.)

## LEGAL STANDARDS

*Pro se* complaints are held to less stringent standards than pleadings drafted by attorneys and the Court is required to read the plaintiff's *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F. 3d 185, 191-93 (2d Cir. 2008). Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F. 3d 111, 123 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009)). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

However, under 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A. Upon review, a district court shall dismiss a prisoner's complaint *sua sponte* if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." *Id*.; *Liner v. Goord*, 196 F. 3d 132, 134 & n.1 (2d Cir. 1999) (noting that under Prisoner Litigation Reforem Act, 28 U.S.C. § 1915, *et. seq., sua sponte* dismissal of

frivolous prisoner complaints is not only permitted, but mandatory); *see also Tapia-Ortiz v. Winter*, 185 F. 3d 8, 11 (2d Cir. 1999).

## DISCUSSION

It is well settled in this circuit that, in a civil rights action for monetary damages, a plaintiff must demonstrate the defendant's direct or personal involvement in the actions which are alleged to have caused the constitutional deprivation. *Farrell v. Burke*, 449 F. 3d 470, 484 (2d Cir. 2006); *Wright v. Smith*, 21 F. 3d 496, 501 (2d Cir. 1991); *Kneitel v. Hynes*, 2011 WL 2747668, at *2 (E.D.N.Y. July 13, 2011). A plaintiff must "allege a tangible connection between the acts of the defendant and the injuries suffered." *Bass v. Jackson*, 790 F. 2d 260, 263 (2d Cir. 1986).

Moreover, liability under § 1983 cannot be generally imposed on a supervisor solely based on his position, because there is no *respondeat superior* or vicarious liability under § 1983. *See*, *e.g.*, *Iqbal*, 556 U.S. 676 ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."); *Hernandez v. Keane,* 341 F. 3d 137, 144 (2d Cir. 2003); *Jenkins v. Morris*, 2011 WL 3877057, at *2 (E.D.N.Y. Sept. 1, 2011). Here, plaintiff failed to show that Commissioner Kelly had any direct involvement with, knowledge of, or responsibility for the alleged deprivation of plaintiff's civil rights. Accordingly, the claims against Police Commissioner Raymond Kelly are dismissed.

Plaintiff has named District Attorney John/Jane Doe as a defendant, yet he fails to set forth any factual allegations in the complaint against this individual as is required by Rule 8 of

the Federal Rules of Civil Procedure. Regardless, any claim would fail as it is "well established that a state prosecuting attorney who acted within the scope of his duties in initiating and pursuing a criminal prosecution is immune from a civil suit for damages under § 1983." *Shmueli v. City of New York,* 424 F. 3d 231, 236 (2d Cir. 2005) (internal quotations omitted). "Prosecutorial immunity from § 1983 liability is broadly defined, covering virtually all acts, regardless of motivation, associated with [the prosecutor's] function as an advocate." *Hill v. City of New York*, 45 F. 3d 653, 661 (2d Cir. 1995) (internal quotations and citations omitted). *See also, Buckley v. Fitzsimmons*, 509 U.S. 259, 274 n.5 (1993) (acknowledging that absolute immunity shields "prosecutor's decision to bring an indictment, whether he has probable cause or not"); *Pinaud v. County of Suffolk*, 52 F. 3d 1139, 1149 (2d Cir. 1995) (holding district attorneys absolutely immune from claim for malicious prosecution and presentation of false evidence to the grand jury). Therefore, the claims against District Attorney John/Jane Doe must be dismissed.

**CONCLUSION**

For the reasons set forth above, all claims against defendants Police Commissioner Raymond Kelly and District Attorney John/Jane Doe are dismissed, without prejudice, pursuant to 28 U.S.C. § 1915A. No summonses shall issue as to these defendants. The Clerk of Court is directed to amend the caption to reflect the dismissal of these defendants. Plaintiff's claims shall proceed against Detective Michael Centrone and Lieutenant Philip Marks.

The United States Marshals Service is directed to serve the summons, complaint, and this Summary Order upon the remaining defendants without prepayment of fees. A courtesy copy of the

same papers shall be mailed to the Corporation Counsel for the City of New York. All pretrial matters are referred to the Honorable Vera M. Scanlon, United States Magistrate Judge. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 269 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
       July 25, 2014

                                          _____/s/_____
                                               DORA L. IRIZARRY
                                         United States District Judge